IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY MARION DIXON,

    Petitioner,                    No. CIV S-00-0683 FCD KJM P

    vs.

RODERICK Q. HICKMAN, et al.,

    Respondents.              ORDER

                               /

        Petitioner, a state prisoner proceeding pro se and in forma pauperis, has timely filed a notice of appeal of this court's April 19, 2005 denial of his application for a writ of habeas corpus. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

        A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

        A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" <u>Jennings v. Woodford</u>,

1

290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).[1]

Petitioner has made a substantial showing of the denial of a constitutional right in the following issues presented in the instant petition: (1) whether the trial court erred in finding petitioner sane at the time of the offenses; (2) whether the evidence was insufficient to support petitioner's convictions of assault with intent to commit rape and attempted sexual battery; (3) whether petitioner's right to due process was violated by the admission into evidence of his prior sexual offenses; (4) whether the trial court erred in convicting petitioner of both attempted sexual battery and the necessarily included offense of assault with intent to commit rape; (5) whether the trial court improperly imposed a concurrent sentence for misdemeanor false imprisonment; (6) whether petitioner's right to due process was violated by the prosecutor's knowing use of perjured testimony; (7) whether the prosecutor committed misconduct; and (8) whether petitioner's appellate counsel rendered ineffective assistance.

Petitioner has also requested leave to proceed in forma pauperis on appeal. The Federal Rules of Appellate Procedure provide as follows:

> [A] party who has been permitted to proceed in an action in the district court in forma pauperis . . . may proceed on appeal in forma pauperis without further authorization unless . . . the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed . . . .

Fed. R. App. P. 24(a). This court has not certified that petitioner's appeal is not taken in good faith and has not otherwise found that petitioner is not entitled to proceed on appeal in forma pauperis. Accordingly, petitioner's motion for leave to proceed in forma pauperis on appeal will be denied as unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. A certificate of appealability is issued in the present action; and

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause. Jennings, at 1010.

2. Petitioner's request to proceed in forma pauperis on appeal is denied as unnecessary. <u>See</u> Fed. R. App. P. 24(a).

DATED: May 20, 2005

<u>/s/ Frank C. Damrell Jr.</u><br>
FRANK C. DAMRELL JR.<br>
United States District Judge

/dixon683.coa